NOT DESIGNATED FOR PUBLICATION

No. 127,571

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM D. BRUCE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed May 1, 2026. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., MALONE and HILL, JJ.

WARNER, C.J.: William Bruce was convicted of child abuse. He now appeals the district court's admission of certain trial evidence, claiming it was improperly offered to show criminal propensity in violation of K.S.A. 60-455. But Bruce acknowledged earlier in the case that the evidence was likely admissible and did not object to the evidence on this ground. Thus, he did not provide the district court with an opportunity to consider his arguments before the evidence was admitted. Because he failed to make a timely and specific objection to the admission of the evidence, as required by K.S.A. 60-404, he cannot now challenge that evidence on appeal. We affirm the district court's judgment.

1

Bruce lived with his wife and four children—the wife's daughter Jane (age 18) and Bruce's children Lisa (age 14), John (age 9), and Andrew (age 4) (all pseudonyms). Though the motivation for his actions was disputed, Bruce admits that he hit John, leaving bruises on his arm, after John took Bruce's phone. After this occurred, Jane took her three younger half-siblings to a nearby gas station and called the police. Jane and John spoke to officers about the incident, and the officers took pictures of John's injuries.

The officers took John and Andrew to the Exploited and Missing Children Unit, where a detective interviewed both children. The boys were examined at a hospital by a forensic nurse, who interviewed them and took photos of their injuries. The nurse noted multiple bruises on John's arms and legs and a "large area of bruising" on John's left arm. The nurse reported that Andrew had very poor hygiene—head lice, excessive earwax build-up, and bruises on his head. The forensic nurse also created diagrams of the boys' injuries. After the examinations, the forensic nurse referred her records to a child-abuse pediatrician, who concluded that John's injuries met the diagnosis of child physical abuse but Andrew's did not.

The State charged Bruce with two counts of child abuse—one for each boy. In the weeks leading up to the trial, the State filed a motion to admit evidence of Bruce's "prior abuse of the children in his home and the children's general physical condition." The motion argued that this evidence could be construed as propensity evidence under K.S.A. 60-455, but even so it should be admitted "as evidence of intent, knowledge, habit, and lack of mistake." The State also asserted that the evidence is "not unduly prejudicial in the context of this case."

The district court held a hearing on this motion. Bruce argued through counsel that evidence surrounding an earlier incident with John—spanking him with a wooden

paddle—was not "necessarily 455 evidence." This argument dovetailed with Bruce's theory of defense that the striking of John giving rise to the charged offense was parental discipline, not child abuse. The defense thus argued that the evidence was "not a crime or a prior civil wrong"—meaning it was not within the scope of evidence governed by K.S.A. 60-455. And the defense acknowledged that this evidence "probably is relevant." Even so, the defense argued that some evidence relating to Andrew's hygiene was not relevant. The district court granted the State's motion, noting that further objections to the evidence should be raised at trial.

During the jury trial, Bruce objected to admission of the forensic nurse's diagrams and photographs of Andrew taken by the nurse, both on relevance grounds. The district court overruled these objections and admitted the evidence. Bruce did not object to any of the evidence pertaining to John, including the previous incident when Bruce spanked John. The jury found Bruce guilty of child abuse of John but not guilty of child abuse of Andrew. The district court sentenced Bruce to 34 months' imprisonment but then suspended that sentence and ordered Bruce to serve 36 months of probation.

Bruce filed a motion for a new trial, arguing that the court had been misled by the State's K.S.A. 60-455 motion. He argued that the trial was "flooded with irrelevant, inflammatory and highly prejudicial evidence." The district court denied the motion, finding there was "no doubt" that Bruce hit John on the arm. And the court found "under those circumstances" that, "even assuming that any of the other things that came up were error," the other evidence did not have "any bearing on the jury's verdict."

## K.S.A. 60-404's Specific-Objection Requirement Precludes Our Review.

On appeal, Bruce challenges the admission of evidence relating to earlier spanking and evidence related to the condition of the children at the hospital. He argues that this

3

evidence was improper propensity evidence that should not have been admitted, citing K.S.A. 60-455. But as the State points out, to the extent Bruce objected to the admission of any of this evidence at trial, he only challenged the admission on general relevance grounds—not the basis he now argues. The State thus contends that K.S.A. 60-404's specific-objection requirement precludes our review. We agree.

In Kansas, an appellate court cannot reverse a judgment because of the "erroneous admission of evidence" if the complaining party failed to make a timely and specific objection to that evidence. K.S.A. 60-404. This statute sets forth a "'legislative mandate'" requiring that appellate courts not allow a party to object to evidence on one ground at trial and then to a different ground on appeal. *State v. Campbell*, 308 Kan. 763, 770, 423 P.3d 539 (2018) (quoting *State v. King*, 288 Kan. 333, 349, 204 P.3d 585 [2009]); see *State v. Gaona*, 293 Kan. 930, 956, 270 P.3d 1165 (2012) ("The contemporaneous objection rule applies to evidence alleged to be admitted in violation of K.S.A. 60-455.").

While the effect of K.S.A. 60-404 may seem harsh, it makes sense in practice: A trial court must have had the opportunity to hear the specific objection and fully consider whether the evidence should be admitted, thus "reduc[ing] the chances of reversible error," before an appellate court can consider the issue. *State v. Richmond*, 289 Kan. 419, 429, 212 P.3d 165 (2009). So Bruce's argument on appeal is only preserved if it is on the same grounds as his trial objections.

Recently, the Kansas Supreme Court decided that a defendant's K.S.A. 60-455 argument was not preserved for appeal because he did not object at trial to the admission of testimony "on statutory interpretation grounds"—an argument he made for the first time on appeal. *State v. Scheetz*, 318 Kan. 48, 61, 541 P.3d 79 (2024). In that case, the State filed a pretrial motion to admit propensity evidence, and the defendant unsuccessfully objected to its relevance and argued that it showed previous bad acts. At trial, the defendant renewed his pretrial objections to the evidence without adding new

4

grounds. But on appeal, the defendant argued that "the propensity evidence did not meet subsection (g)'s definition because its listed examples were exhaustive rather than illustrative." 318 Kan. at 58. A panel of this court found that the defendant had preserved the issue because "his 'argument on appeal is not altogether different from what he argued below,'" but the Kansas Supreme Court disagreed. 318 Kan. at 58-59 (quoting *State v. Scheetz*, 63 Kan. App. 2d 1, 10, 524 P.3d 424 [2023], *rev'd in part, vacated in part* 318 Kan. 48, 541 P.3d 79 [2024]).

The Supreme Court in *Scheetz* found that the objections made there did not satisfy K.S.A. 60-404's specificity requirement. 318 Kan. at 59-61. The trial transcript showed that Scheetz did not preserve his K.S.A. 60-455 definitional objection when he renewed pretrial objections and sometimes "made only general objections, such as, 'Objection, Your Honor, 60-455 information.'" 318 Kan. at 57. At one point, Scheetz objected that the evidence was not a prior bad act, irrelevant, and "'more inflammatory than probative,'" along with several other grounds. 318 Kan. at 57. The court held that K.S.A. 60-404 does not allow a party to "assert a general ground at trial and then specify more particular grounds on appeal. This is well settled." 318 Kan. at 59.

*Scheetz* demonstrates that trial objections generally referencing K.S.A. 60-455 are not specific enough to preserve an argument on appeal that the evidence was not included in the definition of a subsection of the statute. See 318 Kan. at 60-62; see *Campbell*, 308 Kan. at 770-71 (defendant's objection at trial to a witness' rehabilitation could not be rephrased as an objection to rehabilitation by specific instances on appeal and was thus not preserved). Rather, an appellate court should "assess each piece of evidence and its associated objection specifically." *Scheetz*, 318 Kan. at 59.

This reasoning guides our consideration here. Bruce's brief identified the objections that he argues preserved his K.S.A. 60-455 argument:

- First, he objected to the diagrams of John's injuries that the forensic nurse created. Defense counsel argued that the first diagram "involves alleged injuries that aren't related to this case, so it's irrelevant," and that the second diagram was "entirely irrelevant."

- On another occasion, Bruce objected to photographs of John's injuries. The objection, which was repeated for all the pictures, was that "there's no evidence that this was caused by anything other than being a normal kid. It's not a sign of abuse or anything related to this case."

- The third instance was an objection to exhibits containing diagrams of Andrew's injuries. Defense counsel explained, "I'll object until it's been shown [they are] relevant. . . . There's not evidence that's relevant to this case. [The child-abuse pediatrician] produced a report. She says these aren't related to any type of abuse."

- The fourth instance was an objection to testimony from the forensic nurse about whether she provided safety planning for the children. Defense counsel objected that "[s]he's testified in this particular case that she didn't do anything to these kids. She didn't do a safety plan, so it's irrelevant."

In short, these objections did not identify the issue Bruce now raises on appeal—whether the evidence was inadmissible propensity evidence under K.S.A. 60-455.

Bruce also points to his motion for new trial, where he argued extensively that the court erred in allowing in improper K.S.A. 60-455 evidence. But Bruce made this argument *after* trial. And any reference to the posttrial motion's arguments is insufficient to preserve a trial objection based on K.S.A. 60-455. *State v. Showalter*, 318 Kan. 338, 345, 543 P.3d 508 (2024); *State v. Brinkley*, 256 Kan. 808, 824, 888 P.2d 819 (1995) ("A

6

motion for new trial generally does not satisfy the contemporaneous objection requirement of K.S.A. 60-404.").

On appeal, Bruce argues that the district court did not follow all the requirements under K.S.A. 60-455 to admit propensity evidence. Bruce argues that the district court erred when it did not make findings that the evidence was probative of a disputed material fact and that the probative value of the evidence outweighed the potential for undue prejudice. In response to the State's preservation argument, Bruce argues in his reply brief that the State improperly separates "'relevant' evidence and '60-455' evidence into different categories." And he argues that, within the Kansas rules of evidence, "relevance is an overarching principle, and beneath its umbrella are the rules, such as K.S.A. 60-455, governing specific evidence. All evidence must be relevant to be admissible." Bruce asserts that "based on trial counsel's objections," the issue on appeal could be rephrased as whether "'[t]he district court erred in admitting evidence under a broad view of relevance.'"

Bruce's rephrasing the issue in his reply brief does not cure the preservation issue. He objected to the relevance of the evidence generally, not to its admissibility as propensity evidence. Bruce's evidentiary challenge has not been preserved for appeal, and K.S.A. 60-404 directs that we may not consider it here.

As we have noted, Bruce has raised only one challenge to his conviction, and that question is not properly before us. We thus affirm the district court's judgment.

Affirmed.